FILED
6/8/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUD ROSSMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:20-cv-01425 (UNA) |
| v. ) | |
| ) | |
| MIRIAM SEWELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant the IFP application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff has filed rambling complaint, with two concomitant emergency motions for preliminary injunction. The filings are comprised of jumbled anecdotes and overbroad allegations. Plaintiff has sued two individuals associated with the Rehabilitation Services Administration, the Metropolitan Police Department ("MPD"), an MPD Officer and the Chief of Police, two individuals associated with the University of the District of Columbia, and additional unnamed

parties.  The connection of the defendants to one another and to the intended claims are often unclear.  As a preliminary matter, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party," LCvR 5.1(c)(1), which plaintiff has not done.

Plaintiff alleges a wide-ranging conspiracy formed against him, instigated by the named and unnamed parties, in conjunction with the FBI, U.S. Marine Corps, IRS, "and several highest level Federal law enforcement, National Security authorities . . . not to mention local police, local authorities otherwise, etc."  Plaintiff alleges that, as a result of this conspiracy, his due process rights were violated due to the issuance of an outstanding and still unexecuted false arrest warrant.  He claims that this arrest warrant was borne out of alleged perjury by an opposing litigant in a civil protection hearing before the Superior Court for the District of Columbia. He seeks monetary damages and an order restraining the aforementioned entities and individuals from contacting, approaching, communicating, threatening, assaulting, battering, murdering, or torturing plaintiff, "[i]n this lifetime or next."  He also requests that this court quash the arrest warrant issued by an "unnamed local D.C. magistrate [judge]."

First, this court lacks jurisdiction to review the decisions of the Superior Court.  *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).  Such is the province of the District of Columbia Court of Appeals.

Second, as pled, plaintiff fails to articulate adequately the deprivation of a protected right. "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a

basis for a due process violation." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Third, this court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief or to establish jurisdiction before this court, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed and the emergency motions for preliminary injunction will be denied. A separate order accompanies this memorandum opinion.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE: June 8, 2020